IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK PENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1093 |
| | § | |
| INTERMODIAL RESEARCH INC., | § | |
| dba IRI TRUCKING, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Roderick Penson, an African-American truck driver, sued Intermodial Research Inc., dba IRI Trucking (IRI) for racial and national origin discrimination under Title VII, 42 U.S.C. § 2000e *et seq*. Penson alleged that IRI discriminated against African-American truck drivers and favored Hispanic and Caucasian truck drivers and that when he complained about witnessing such discrimination, he was fired. (Docket Entry No. 1, at 2). IRI has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that IRI does not employ 15 or more employees and therefore is not covered by Title VII and that Penson was an independent contractor rather than an employee. (Docket Entry No. 24, at 3–6). IRI attached to the motion to dismiss copies of two Lease and Transportation Agreements between Penson and IRI, (Docket Entry No. 24, Exs. A & B), and an affidavit from Ron Helminski, Safety Director of IRI, (Docket Entry No. 24, Helminski Aff.). The affidavit supports IRI's argument that it did not employ 15 or more employees for each working day in each of 20 or more calendar weeks and that Penson was an independent contractor. (Docket Entry No. 24, Helminski Aff., ¶¶ 2–4).

On June 24, 2013, this court entered an order converting the motion to dismiss to a motion for summary judgment and ordering Penson to respond by July 15, 2013. (Docket Entry No. 25). Penson did not respond.

Determining whether a defendant is an "employer" under Title VII involves a two-step process. *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993). First, the court must determine whether the defendant falls within Title VII's statutory definition of an "employer." *Id.* Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). If the defendant meets this definition, the court must then analyze whether an employment relationship exists between the plaintiff and the defendant. *Deal*, 5 F.3d at 118 n.2. To determine whether an employment relationship exists within the meaning of Title VII, "we apply a 'hybrid economic realities/common law control test.'" *Id.* at 118–19 (quoting *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990)). The most important component of this test is "[t]he right to control [the] employee's conduct." *Id.* at 119. "When examining the control component, we have focused on whether the alleged employer has the right" to hire, fire, supervise, and set the work schedule of the employee. *Id*. "[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

The defendant has attached an affidavit as evidence of the number of its employees. (Docket Entry No. 24, Helminski Aff.). The defendant has also submitted copies of contracts and the affidavit as evidence of the relationship between Penson and IRI. The issue of the defendant's relationship to Penson under the "hybrid economic realities/common law control test" is necessarily a

fact-specific inquiry that requires considering state law and the evidence relevant to the employment relationship.  *See Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 382 (5th Cir. 2007) ("The 'hybrid economic realities/common law control test' is necessarily a fact-specific inquiry and is therefore typically applied in a summary judgment context, in which a court is permitted to go beyond the pleadings and examine the state law and the evidence relevant to the employment relationship." (footnote omitted)).

The summary judgment record, which Penson has not disputed or augmented, shows that the defendant did not employ at least 15 employees for the years 2010 through 2012, the years covered by the complaint.  *See* 42 U.S.C. § 2000e(b).  The record also shows that the defendant did not exercise control over how Penson performed his work, did not provide Penson with vehicles to perform his delivery job, did not provide necessary equipment, did not control Penson's ability to hire and compensate assistants, and did not control Penson's discretion to decline any shipment.  (Docket Entry No. 24, Helminski Aff.).  Based on this record, the court concludes that the defendant is not an "employer" for Title VII purposes, Penson was not an "employee," and that Penson's suit fails as a matter of law.  The defendant is entitled to summary judgment dismissing Penson's claims.

The motion for summary judgment is granted.  Final judgment is entered by separate order.

SIGNED on July 29, 2013, at Houston, Texas.

                                      Lee H. Rosenthal
                                      United States District Judge